UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICK A. SAVAGE, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>BRIAN LANDIS, MATTHEW NOYES, )<br>WAYNE J. GALLANT, JIM DOAR, and )<br>the TOWN OF BETHEL, MAINE, )<br>)<br>　　　　　Defendants. ) | Docket No. 1:13-cv-00215-GZS |

ORDER ON MOTION TO DISMISS

Before the Court is Defendant Jim Doar and the Town of Bethel's Motion to Dismiss (ECF No. 6), which seeks dismissal of all claims stated against these two Defendants in Plaintiff Rich A. Savage's Complaint. For reasons explained herein, the Court GRANTS the Motion.

**I.　STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). The Court assumes the truth of the Complaint's well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint." United Auto., Aero., Agric. Impl.Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted).

A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  In considering a motion to dismiss, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to an assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, at 679 (2009).  As such, plaintiffs must include enough facts supporting a claim for relief that "nudg[e] their claims across the line from conceivable to plausible." Twombly, 550 U.S. 544.  Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

## II. BACKGROUND

This dispute is before the Court premised upon federal question jurisdiction.  Plaintiff Rick A. Savage ("Savage") states that on May 14, 2012, he attended a Bethel Town Meeting "to ensure that his petition to abolish the Bethel sign ordinance was scheduled to be taken up at the annual Bethel Town meeting." (First Am. Compl. (ECF No. 3) ¶ 18.)  Savage claims that Bethel Town Manager James Doar ("Doar") requested Defendant Officers Brian Landis ("Landis") and Matthew Noyes ("Noyes") of the Oxford County Sheriff's Office to be present at that meeting to "deal with" Savage because Doar believed him to be "in some manner 'threatening.'" (Id. ¶¶ 11-14.)  Upon concluding his business at the meeting and exiting the Bethel Town Office, Savage spoke with Bethel resident Peter Mason ("Mason.") (Id. ¶¶ 20, 21.)  After their conversation ended, and when Savage was about 30 feet away from Mason, Landis and Noyes exited the Bethel Town Office. (Id. ¶¶ 23, 24.)  Savage notes that neither Landis nor Noyes observed Mason and Savage's interaction, and that Savage never engaged in threatening behavior. (Id. at

¶¶ 25-26.)  Landis and Noyes grabbed Savage as he was walking toward his car, placed him under arrest, and handcuffed him.  (Id. at ¶ 30.)   Savage claims this caused him physical injuries, pain, discomfort, embarrassment, and mental anguish. (Id. ¶¶31-33.)  At the time of his arrest, Savage asserts that he "was not engaged in any act that created a threat of immediate harm to Defendant Landis or Defendant Noyes or anyone else." (Id. at ¶ 36.)

Savage argues that his unlawful arrest and the excessive force used against him were "the result not only of the individual officer's [sic] actions, but also the inadequate and unconstitutional policies, practices and procedures of Defendants Oxford County Sheriff's Department, the Town of Bethel, and Bethel's Town Manager, Defendant James Doar." (Id. at ¶ 39.)   To that end, Savage claims that Doar, under color of state law deprived him of his constitutional rights to "(1) be free from unreasonable seizures, (2) bodily integrity, (3) be free of the use of unreasonable force, (4) to substantive and procedural due process, and (5) to be free from the use of cruel and unusual punishment." (Id. at ¶ 41.)

Savage states that the Town of Bethel's ("Bethel") "customs or polices… comprise the cause of and the moving force behind the constitutional violations chronicled in [his] Complaint." (Id. at ¶55.)   Doar, as a policymaker within the Town of Bethel hierarchy, "adopted a custom or policy of abdicating any appropriate level of supervision and/or discipline of [ ] Landis and Noyes," (Id. at ¶ 59), and "permit[ted] and/or encourag[ed] Oxford County law enforcement officers to arrest citizens without probable cause and to use an inappropriate amount of force in effecting arrests." (Id. at ¶ 60.)

Doar and the Town of Bethel contend the Complaint must be dismissed because it fails to set forth any set of facts, let alone plausible facts, to support Savage's claim that Doar caused him to be subjected to an unreasonable seizure, an unreasonable application of force, a

deprivation of his due process rights, or a deprivation of his right to be free from cruel and unusual punishment. To that end, the Defendants argue "[t]he only factual allegation against [Doar] is that he requested that deputies be assigned to the meeting, apparently in the belief that they might be needed to deal with [Savage], who Defendant Doar advised Oxford County Sheriff's Office was 'in some manner threatening.'" (Defs. Mot. to Dismiss (ECF No. 6) at 2.) Defendants indicate Savage "never claims that Town Manager Doar had anything to do with his 'discussion' with [Mason] that drew the attention of the Oxford County deputies outside the building where the town meeting was taking place, or that he in any way was directing or controlling any law enforcement official in the performance of their duties." Id. Defendants claim it was the interaction between Savage and Mason that drew Landis' and Noyes' attention – not that Doar "was outside the building and present when the arrest and use of force occurred, or that he was directing the deputies who were involved and who, after all, are not town employees." (Id. at 5.)

Likewise, Defendants argue Savage's municipal liability theory against the City of Bethel fails because it does not allege facts demonstrating how Bethel is liable for the acts of Landis and Noyes. Defendants argue the Complaint "is devoid of any factual basis for concluding that the Oxford County Sheriff is the final policymaker for the Town of Bethel or that a town or town officials are legally responsible for supervision or discipline of employees of another governmental entity such as Oxford County." (Id. at 3.) Ultimately, Doar and the Town of Bethel submit that Savage fails to meet the pleading standards as outlined by the Supreme Court in Twombly and Iqbal.

Savage filed a cursory "Response" consisting entirely of a string citation to a 2003 opinion of this Court[1] and the following argument: this Court's responsibility to indulge every reasonable inference in favor of Savage's well-pleaded complaint "yields the conclusion that Jim Doar and the Town of Bethel conspired/worked in concert with the Oxford County Sheriff's Department to have Plaintiff illegally arrested and unconstitutionally seized." (Pl. Response (ECF No. 7) at 1-2.)  Savage did not respond directly or substantively to any of the numerous arguments advanced by Doar and Bethel in their Motion to Dismiss.  Instead, Savage claimed he has satisfied the notice pleading requirements of Rule 8 and because he is "not able at the beginning stages of this litigation to state with specificity just how this sequence of events played out, nor is he required to do any such thing." (Id. at 2.)   It is this Court's determination that in responding in such a perfunctory and undeveloped manner, Savage has effectively opted not to oppose Doar and Bethel's Motion to Dismiss.  The Court is mindful that "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Cardona Roman v. Univ. of P.R., 799 F. Supp. 2d 120, 126 (D.P.R. 2011) (citing Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003)).

### III. DISCUSSION

The Court now turns to its first duty in assessing the sufficiency of Savage's Complaint: to identify any pleadings which, because they are no more than conclusions, are not entitled to the assumption of truth.  See Iqbal, 129 S. Ct. at 1950.

---

[1] Savage argues that his complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of [his] claim that would entitled [him] to relief." (Id. at 1) (emphasis added) (citing Greenier v. Colgan Air, Inc., 295 F. Supp. 123 (D. Me 2003).  However, in 2007, the Twombly Court officially put to rest the well-known "no set of facts" language used in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) to which Greenier referred. See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 9 (1st Cir. 2011).

1.  **Savage's § 1983 Claim against Doar**

To proceed with his claims against Doar, Savage must allege a "plausible suggestion of conspiracy" between Doar and the various state actors mentioned in his complaint. Twombly, 550 U.S. at 566. Section 1983 provides "a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." Santiago v. Puerto Rico, 655 F.3d 61, 68 (1st Cir. 2011) (quoting Redondo-Borges v. U.S. Dep't of HUD, 421 F.3d 1, 7 (1st Cir. 2005)). First Circuit precedent allows for conspiracy claims brought pursuant to section 1983, provided there is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Estate of Bennett v. Wainwright, 548 F.3d 155 (1st Cir. 2008). In order to state an adequate claim for relief under section 1983, "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." Santiago, 655 F.3d at 68. "The gist of the (Section 1983) cause of action is the deprivation and not the conspiracy. Conspiracy is merely the mechanism by which to obtain the necessary state action, or to impose liability on one defendant for the acts of the others performed in pursuance of the conspiracy." Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980) (internal quotation marks and citations omitted). Nevertheless, a conspiracy claim must be alleged through specific facts, setting forth both "the existence and scope of the alleged conspiracy." Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

Although Savage complains Doar conspired to deprive him of his rights to "(1) be free from unreasonable searches, (2) bodily integrity, (3) be free of the use of unreasonable force, (4)

to substantive and procedural due process, and (5) to be free from the use of cruel and unusual punishment," (Compl. at ¶ 41), Savage falls far short of asserting sufficiently fact-based allegations to support his theory that Doar conspired with the Oxford County Sheriff's Department to violate his constitutional rights.  Savage is clearly suspicious of Doar's communications with the Oxford County Sheriff's Office.  However, even if the Court assumes the truth of his factual allegations - namely, that Doar wanted the Oxford County Sheriff's Department present at the Bethel Town meeting to "deal with" Savage because Doar believed Savage was in some manner "threatening." (Compl. at ¶¶ 12, 13) - they are insufficient to cross the line towards a plausible conspiracy claim.  Savage's suggestion that reading the "well-pleaded facts of the Amended Complaint . . . yields the conclusion that Jim Doar and the Town of Bethel conspired/worked in concert with the Oxford County Sheriff's Department to have Plaintiff illegally arrested and unconstitutionally seized," (Pl. Response at 2-3), is untenable.  The complaint lacks information about the relationship between Doar and the Oxford County Sheriff's Department or any factual allegations as to a previous agreement between these actors to deprive Savage of his constitutional rights.  Without more, Savage's conclusory allegation does not fulfill the factual requirements of a conspiracy claim.  Accordingly, Doar's request for dismissal is granted.

   2.   Savage's § 1983 claim against the Town of Bethel

With respect to the Town of Bethel, Savage argues that the "customs or policies of the Town of Bethel comprise the cause of and the moving force behind the constitutional violations chronicled in this Complaint," (Compl. at ¶ 55), that Defendant Wayne Gallant, as acting Oxford County Sheriff, and Doar, as acting Bethel Town Manager, were "policymakers within the Town of Bethel hierarchy," (Id. at 56-58,) who "adopted a custom or policy of abdicating any

appropriate level of supervision and/or discipline of Defendant Officers Landis and Noyes," (Id. at 59,) and in fact "encourag[ed] Oxford County law enforcement officers to arrest citizens without probable cause and to use an inappropriate amount of force in effecting arrests." (Id. at 60.) Savage claims it was or should have been "foreseeable to Defendants Gallant and Doar that allowing his officers to make arrests without probable cause and/or to us[e] an excessive amount of force in effecting an arrest would inevitably result in the violation of citizens' civil rights." (Id. at 62.)

In Monell v. Department of Social Services, the United States Supreme Court held that municipal entities are subject to section 1983 liability but not on the basis of respondeat superior. 436 U.S. 658, 663 (1978). In general, in order to hold a municipality liable under section 1983 for failing to supervise or failing to adopt policies to prevent constitutional violations, the plaintiff must demonstrate that there was deliberate indifference to those responsibilities. Cote v. Town of Millinocket, 901 F. Supp. 2d 200, 234 (D. Me. 2012). "The deliberate indifference standard is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action or inaction." Id. (citation and internal quotation marks omitted).

> To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk. Furthermore, § 1983 imposes a causation requirement: a § 1983 plaintiff ordinarily must show that the municipality through its deliberate conduct was the moving force behind the injury alleged.

Id. (citations and internal punctuation omitted).

Savage has proffered no factual allegations which would tend to establish that the complained-of policy or practice existed nor that a decision maker with authority to represent Bethel was the moving force behind his arrest. Likewise, Savage has offered no factual

allegations regarding any Bethel policy or practice, carried out with deliberate indifference, to fail to properly train or supervise its officers.  Instead, his complaint offers a bare-bones recitation of the elements of his cause of action.  The fact that Savage feels he was wrongfully arrested by two officers of the Oxford County Sheriff's Office does not nudge his municipal liability claim against the Town of Bethel "across the line from the conceivable to [the] plausible." Iqbal, 129 S. Ct. at 1952 (quoting Twombly, 550 U.S. at 555).  Savage's pleadings are entirely conclusory as to the key components of this municipal liability claim and such conclusory assertions of a constitutional violation "will not do." Id. at 1952 (quoting Twombly, 550 U.S. at 555).  As such, the Town of Bethel's request for dismissal is granted.

## IV. CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 6) and hereby DISMISSES Plaintiff's claims against Jim Doar and the Town of Bethel.

SO ORDERED.

/s/  George Z. Singal
United States District Judge

Dated this 18th day of October, 2013.